UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FIDELITY NATIONAL TITLE | ) | |
| INSURANCE COMPANY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | 1:06-cv-0048-LJM-WTL |
| | ) | |
| ARCHER LAND TITLE, LLC, and | ) | |
| MARGARET A. HUDDLESON, | ) | |
|     Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO STRIKE**

This cause is now before the Court on plaintiff's, Fidelity National Title Insurance Co. ("Fidelity"), Motion to Strike defendant's, Margaret A. Huddleson ("Huddleson"), Cross Claim. Fidelity brought this suit against defendants, Archer Land Title, LLC ("Archer"), and Huddleson (collectively, "Defendants"), for breach of contract, negligence and enforcement of guarantee for losses incurred by Fidelity relating to three title insurance claims. Fidelity contends that Huddleson's cross claims against co-defendant, Archer, are unrelated to the claims brought by Fidelity against Defendants, are based purely on state law between residents of the State of Indiana, and would only delay resolution of Fidelities claims against Defendants. For these reasons, Fidelity asserts, the Court should strike Huddleson's cross claims. In the alternative, Fidelity asks that the Court dismiss all cross claims pursuant to *Dunn v. Sears, Roebuck & Co.*, 645 F.2d 511 (5th Cir. 1981).

Huddleson argues that her cross claims are related to the claims brought by Fidelity because Archer has filed a cross claim against Huddleson in which Archer alleges that, pursuant to a Stock Purchase Agreement and incorporated Employment Agreement dated July 28, 2004 (collectively, the "Agreement"), Huddleson should indemnify Archer for any amount Archer is ordered to pay

Fidelity pursuant to Fidelity's complaint herein. Huddleson filed her own cross claims against Archer in which she contends that Archer is not entitled to indemnity because it breached the Agreement before Huddleson and that Archer falsely caused criminal charges to be brought against Huddleson in state court. In its answer to Huddleson's cross claims Archer filed additional cross claims against Huddleson that arise out of the Agreement.

For the reasons stated herein, the Court **DENIES** Fidelity's Motion to Strike.

## I. DISCUSSION

The Court agrees with Fidelity that the cross claims in this suit draw focus and attention away from Fidelity's own claims against Defendants. Moreover, without a judgment against either Archer or Huddleson, there is no issue that is ripe for adjudication between the co-defendants. *Accord Hall v. Gen. Motors Corp.*, 647 F.2d 175, 184 (D.C. Cir. 1980) (stating that "claims for contribution and indemnity contingent upon the outcome of another claim have not been placed in the compulsory category"). However, to force Archer and Huddleson to file a separate, albeit related case in state court to resolve the differences between them as to indemnity, only to have that action stayed pending resolution of this suit, seems to waste judicial resources. Moreover, the Court agrees with Huddleson that, at least with respect to her cross claim regarding breach of the Agreement, it could provide Huddleson a complete defense to Archer's claim for indemnity. The Court is not as convinced that Huddleson's claim for malicious prosecution is so interrelated to Defendants' claims under the Agreement that it would be considered compulsory. Nevertheless, it does arise out of circumstances related to the Agreement or allegations that either defendant breached the Agreement.

The Court concludes that the best way to resolve the conflicts between Fidelity's interest in litigating its claims separate and apart from the claims between Defendants, without prejudicing Defendants' right to litigate those issues within the context of the underlying suit, and to reserve judicial resources, is to bifurcate Fidelity's claims against Defendants from the cross claims between the parties.[1]  *See* Fed. R. Civ. P. 42(b) (allowing the Court to sever an cross claim or other claim is "conducive to expedition and economy").  All discovery and other matters pertaining to Defendants' cross claims shall be held in abeyance pending resolution of Fidelity's claims against Defendants.

## II. CONCLUSION

For the reasons stated herein, pursuant to Federal Rule of Civil Procedure 42(b), the Court bifurcates plaintiff's, Fidelity National Title Insurance Co., claims against defendants, Archer Land Title, LLC, and Margaret A. Huddleson, from the cross claims between Defendants that currently pend.  All discovery and other matters pertaining to Defendants' cross claims shall be held in abeyance pending resolution of Plaintiff's claims against Defendants.  Fidelity's Motion to Strike is **DENIED**.

IT IS SO ORDERED this 8th day of August, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

---

[1] To the extent Fidelity argued that the Court should dismiss all the cross claims in this case, the Court construes that argument as an alternative motion under Federal Rule of Civil Procedure 21, for severance.  That portion of Fidelity's motion is **DENIED**.

Electronically distributed to:

Shawna Meyer Eikenberry
BAKER & DANIELS
shawna.eikenberry@bakerd.com

Scott Joseph Fandre
BAKER & DANIELS LLP
scott.fandre@bakerd.com

Christopher Charles Hagenow
HOPPER & BLACKWELL
chagenow@hopperblackwell.com

Carl A. Hayes
MCTURNAN & TURNER
chayes@mtlitigation.com

Lee B. McTurnan
MCTURNAN & TURNER
lmcturnan@mtlitigation.com

Carl R. Pebworth
BAKER & DANIELS
crpebwor@bakerd.com